UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JENN-CHING LUO,

                    Plaintiff,

     -against-                              MEMORANDUM & ORDER
                                           12-CV-3073(JS)(AKT)
BALDWIN UNION FREE SCHOOL DISTRICT,
MICHELLE GALLO, SUSAN M. GIBSON and
ROBERT BRIGLIO,

                    Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:      Jenn-Ching Luo, pro se
                    830 Hastings Street
                    Baldwin, NY 11510

For Defendants
District
and Gallo:          Jeltje DeJong, Esq.
                    Kelly E. Wright, Esq.
                    Devitt Spellman Barrett, L.L.P.
                    50 Route 111
                    Smithtown, NY 11787

For Defendant
Gibson:             Ralph A. Catalano, Esq.
                    Catalano, Gallardo & Petropoulous, L.L.P.
                    1565 Franklin Avenue
                    Mineola, NY 11501

                    Jennifer B. Ettenger, Esq.
                    Catalano, Gallardo & Petropoulous, L.L.P.
                    100 Jericho Quadrangle, Suite 326
                    Jericho, NY 11753

For Defendant
Briglio:            Martin J. Coleman, Esq.
                    Law Offices of Martin J. Coleman
                    100 Crossways Park Drive West, Suite 412
                    Woodbury, NY 11797

SEYBERT, District Judge:

      <u>Pro</u> <u>se</u> Plaintiff Jenn-Ching Luo brought this action to redress perceived shortcomings in the way Defendant Baldwin Union Free School District (the "District") and several individual defendants addressed the educational needs of B.L., Plaintiff's disabled child. Plaintiff sued the District, Michelle Gallo ("Gallo"), Susan M. Gibson ("Gibson"), and Robert Briglio ("Briglio," and collectively "Defendants"); he asserts violations of the Individuals with Disabilities Education Act ("IDEA"), Section 1983 of Title 42 of the United States Code ("Section 1983"), and Section 1985 of Title 42 of the United States Code ("Section 1985"). Currently pending before the Court are two motions to dismiss Plaintiff's Complaint filed by Gibson and Briglio, respectively, and a partial motion to dismiss on behalf of the District and Gallo. Also pending before the Court is Plaintiff's motion to dismiss Briglio's counterclaim. For the following reasons, Gibson and Briglio's motions to dismiss are GRANTED; the District and Gallo's partial motion to dismiss is GRANTED IN PART and DENIED IN PART; and Plaintiff's motion to dismiss Briglio's counterclaim is DENIED.

BACKGROUND

      Plaintiff's autistic child, B.L., is a student in Defendant District. (Compl. ¶ 5.) Defendant Gallo is the director of pupil services for the District (<u>id.</u> ¶ 7), and

2

Defendant Gibson is a legal consultant to the District (id. ¶ 8).

Plaintiff's claims primarily center around a July 2011 Committee on Special Education ("CSE") meeting and a subsequent due process hearing in which Plaintiff and Defendants discussed educational placement programs and placement recommendations for B.L.  Prior to the CSE meeting, teachers had reported B.L.'s "lack of motivation."  (Id. ¶ 17.)  In an attempt to find a solution, Plaintiff visited "Camphill special school in Pennsylvania."  (Id. ¶ 20.)  Plaintiff believed that Camphill presented the kind of "natural-setting environment" that would motivate B.L.  (Id. ¶ 21.)  As such, Plaintiff requested a meeting with the District to discuss B.L.'s possible placement at Camphill or a similar school.  (Id. ¶ 22.)

Plaintiff alleges that, although he shared information about Camphill with Defendant Gallo, Gallo failed to prepare or present any information about Camphill or a similar school at the CSE meeting.  (Id. ¶¶ 24-26.)  Instead, Gallo presented a flawed evaluation report from 2009 regarding B.L.  (Id. ¶¶ 32-34.)  Furthermore, Plaintiff alleges that Defendant Gibson advised Gallo to continue distributing the flawed 2009 evaluation report.  (Id. ¶ 38.)

Plaintiff was apparently unsatisfied with the results of the CSE meeting and thus filed a due process complaint.  The

3

District held an administrative hearing and appointed Defendant Robert Briglio as an independent hearing officer ("IHO"). Plaintiff claims that at the hearing, Briglio erroneously placed the burden on Plaintiff of demonstrating that Camphill is an appropriate placement for B.L. (Id. ¶ 51.) In addition, Briglio accepted the "fabricated" and "baseless" arguments of Gibson and erroneously ruled in the District's favor. (Id. ¶¶ 54-57.)[1]

In addition to the foregoing allegations, Plaintiff asserts that the District generally has failed to provide B.L. with a free appropriate public education ("FAPE"). (Id. ¶ 10.) In support, Plaintiff alleges that various test results reveal that B.L. has not progressed in certain developmental areas, at times receiving test results that demonstrate "negative development." (Id. ¶¶ 12-13.) According to Plaintiff, the District has failed to help B.L. develop skills that would allow him to participate in school activities with other students. (Id. ¶ 14.) It has also failed to consider B.L.'s educational needs for the development of an educational program. (Id. ¶ 15.)

---

[1] Plaintiff appealed Briglio's decision to State Review Officer ("SRO") Deyoe. (Catalano Decl. 24.) On February 22, 2012, SRO Deyoe upheld Briglio's decision and dismissed Plaintiff's appeal. (Catalano Decl. Ex. I.)

DISCUSSION

Consistent with the Court's duty to liberally construe pro se pleadings, Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995), the Court reads Plaintiff's Complaint to assert the following federal claims: first, a claim that all Defendants violated IDEA by (a) failing to consider information regarding B.L.'s placement at Camphill or a similar setting; (b) failing to improve B.L.'s language and social skills; and (c) conducting administrative proceedings in which erroneous arguments were presented and adopted; second, a Section 1983 claim that all Defendants deprived Plaintiff of his rights under IDEA for the same reasons; third, Section 1983 and 1985 claims against Gallo and Gibson for conspiring to violate Plaintiff's rights under IDEA; and fourth, a Section 1983 claim against Gallo, Gibson, and Briglio for depriving Plaintiff of due process under the Fourteenth Amendment.  The Complaint also asserts a state law claim of negligence against Gallo.

Many of these claims are similar to those Plaintiff raised in another case before this Court, Luo v. Baldwin Union Free Sch. Dist. et al., No. 10-CV-1985 ("Luo I").[2]  Thus, the Court may periodically refer to its previous rulings in that action.

_____

[2] Plaintiff's current action involves events later in time than those in Luo I.

5

The Court will first address the legal standard on a motion to dismiss before addressing the parties' substantive arguments.

I.   Legal Standard

Gibson, the District, and Gallo, move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Briglio moves to dismiss pursuant to Federal Rule of Civil Procedure 12(c).

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72.  Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss.  Iqbal, 556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; accord Harris, 572 F.3d at 72.

The standard for evaluating Briglio's motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b).  See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005).

In addition, because Plaintiff is litigating pro se, the Court reads his Complaint liberally, see, e.g., Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010), and interprets his papers to "raise the strongest arguments that they suggest" Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

## II.  IDEA Violations

Plaintiff alleges that all Defendants violated IDEA by: (a) failing to consider information regarding B.L.'s placement in Camphill or a similar setting; (b) failing to improve B.L.'s language and social skills; and (c) conducting administrative proceedings in which erroneous arguments were made and adopted.

### A.  Individual Defendants

To the extent that Plaintiff intends to raise claims of an IDEA violation against individual defendants Gallo, Gibson, and Briglio, this Court has previously held that the IDEA does not provide for individual liability.  See Luo I, 2011 WL 941263, at *5 (E.D.N.Y. Mar. 15, 2011) (collecting cases).

7

Accordingly, Plaintiff's IDEA claims against Gibson, Gallo, and Briglio are DISMISSED.

B.  <u>The District</u>

In addition, the District's memorandum of law in support of its motion to dismiss specifically states that "Defendants do not move to dismiss the remaining claim, the IDEA administrative review." (Docket Entry 16 at 1.)  Thus, insofar as Plaintiff brings a claim for IDEA administrative review against the District, this claim may proceed.

III.  <u>Sections 1983 and 1985 Claims</u>

Section 1983 provides, in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.  To state a claim under this law, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States.  <u>See</u> <u>Am. Mfr. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130, 143 (1999).

Section 1985 prohibits conspiracy to inference with one's civil rights.  42 U.S.C. § 1985.

A.  Gibson

Plaintiff explicitly notes in his Complaint that "Gibson is not sued over her representation in the administrative hearing." (Compl. ¶ 39.) Despite this acknowledgement, the Complaint raises a large number of allegations against Gibson in connection with the due process hearing and her representation of the District generally. (See, e.g., Compl. ¶¶ 39-45, 54-55, 59, 64, 66-69.) The Court presumes that Plaintiff raises these allegations primarily as a means of providing background information for his additional claims.

The only substantive allegations against Gibson are that she "advised Gallo to continuously distribute the flaw[ed] 2009 evaluation report" and that Gibson conspired with Gallo to violate the IDEA. (Id. ¶ 38.) To the extent that Plaintiff's claims against Gibson arise out of her legal advice to Gallo or in her role as advocate for the District, Gibson was not acting under color of state law. See Goetz v. Windsor Cent. Sch. Dist., 593 F. Supp. 526, 528-29 (N.D.N.Y. 1984) (complaint, which alleged that attorney rendered professional advice to school district, did not allege conduct constituting action "under color of state law"); c.f. Polk Cnty. v. Dodson, 454 U.S.

312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) ("[W]e decide . . . that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). To the extent that Plaintiff claims that Gibson conspired to deny Plaintiff of his rights, Plaintiff's Complaint contains only conclusory allegations of conspiracy, which are insufficient to overcome a motion to dismiss. See Browdy v. Kapre, 131 F. App'x 751, 753 (2d Cir. 2005); Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002). Accordingly, Plaintiff's Section 1983 and 1985 claims against Gibson are DISMISSED.

B. **Briglio**

There is no dispute that Defendant Briglio was acting under color of state law in his capacity as IHO. (See Briglio's Memo. of Law, Docket Entry 18 at 4.) Briglio asserts, however, that he is entitled to absolute judicial immunity against Plaintiff's Section 1983 claims. The Court agrees.

"A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). "This immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally

comparable to that of a judge.'" <u>Montero v. Travis</u>, 171 F.3d 757, 760 (2d Cir. 1999) (quoting <u>Butz v. Economou</u>, 438 U.S. 478, 513, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978)).  Here, Briglio presided over the administrative hearing, and Plaintiff essentially challenges his rulings.  This is just the type of scenario to which absolute judicial immunity applies. Accordingly, Plaintiff's Section 1983 claims against Briglio are DISMISSED.[3]

C. <u>Gallo, and the District Generally</u>

As with Briglio, Defendants do not raise any assertion that Gallo was not acting under color of state law.  Thus, the issue is whether Plaintiff has alleged the deprivation of a federal right.

1. <u>IDEA Violations</u>

As this Court has acknowledged in <u>Luo I</u>, the Second Circuit permits IDEA-based Section 1983 claims where the plaintiff was denied the procedural or administrative remedies that IDEA provides.  See <u>Luo I</u>, 2011 WL 941263, at *6 (citing <u>Streck v. Bd. of Educ. of East Greenbush Sch. Dist.</u>, 280 F. App'x 66, 68 (2d Cir. 2008); <u>Quackenbush v. Johnson City Sch. Dist.</u>, 716 F.2d 141, 148 (2d Cir. 1983); <u>K.M. ex rel. A.M. v.</u>

---

[3] To the extent that Plaintiff raises a Section 1983 claim against Briglio regarding his failure to comply with applicable regulations and governing timelines, said claims are also DISMISSED as a result of Brilgio's absolute immunity. (<u>See, e.g.</u>, Compl. ¶¶ 49-50.)

Manhasset Union Free Sch. Dist., No. 04-CV-1031, 2006 WL 1071568, at *7 (E.D.N.Y. Apr. 20, 2006)).  The Court finds that Plaintiff's claims regarding a failure to consider Camphill or a similar setting and conduct administrative proceedings in which erroneous arguments were made and adopted assert denial of procedural or administrative remedies that IDEA provides. Therefore, Plaintiff may use Section 1983 to redress those violations.  However, Plaintiff's claim that Gallo and the District failed to improve B.L.'s language and social skills does not assert such a claim, and thus, said Section 1983 claim against Gallo is DISMISSED.

> a. Administrative Proceedings

Plaintiff's claims regarding placement in Camphill and the flawed administrative proceedings mirror those that Plaintiff raised in Luo I.  For example, in Luo I Plaintiff alleged that "misconduct prevented him from pursuing his grievances at an impartial due process hearing, and that the state review process was a sham." Luo I, 2011 WL 941263, at *6. Similarly, here, Plaintiff claims that he was deprived of an impartial hearing, in part because Gallo withheld information at the due process hearing and continued to disseminate a flawed evaluation report. Thus, Plaintiff may use Section 1983 to redress his claim that he was unable to pursue his grievances in an impartial hearing. See Taylor v. Vermont Dep't of Educ., 313

F.3d 768, 790 (2d Cir. 2002) ("[I]f plaintiffs can demonstrate that there is no relief available to them through the administrative process, they may [seek monetary damages for IDEA violations pursuant to § 1983]."); Mrs. W. v. Tirozzi, 832 F.2d 748, 757 (2d Cir. 1987) (affirming the denial of a motion to dismiss a Section 1983 claim where the plaintiffs alleged violations that were unable to be addressed at due process hearing). Therefore, the District and Gallo's motion to dismiss this claim is DENIED.

> b. <u>Failure to Consider Camphill or Similar Setting</u>

In addition, Plaintiff's claims that Gallo failed to consider placement in Camphill or a similar environment and did not disseminate information regarding Camphill arguably asserts that Plaintiff was denied a procedural right under IDEA. Parents are required members of the IEP team, and thus must be afforded a meaningful opportunity to make recommendations regarding the educational placement of their child. 34 C.F.R. §§ 300.321, 300.322.

Plaintiff alleges that Gallo failed to disseminate information regarding Camphill or a similar setting or raise such a concept at the CSE meeting. (Compl. ¶¶ 24-28.) Liberally construing these allegations, the Court reads the Complaint to assert that Plaintiff was not afforded a meaningful

13

opportunity to recommend an educational placement involving a "natural setting" program. See Concerned Parents & Citizens for the Continuing Ed. of Malcolm X (PS 79) v. N.Y.C. Bd. of Educ., 629 F.2d 751, 753 (2d Cir. 1980) ("[T]he term 'educational placement' refers only to the general type of educational program in which the child is placed."). Accordingly, in this respect, Plaintiff has sufficiently alleged that he was deprived of a federal right under IDEA. As such, the District and Gallo's motion to dismiss this claim is DENIED.

The Court notes, however, that Plaintiff does not have a procedural right in the specific locational placement of his child, as opposed to the educational placement. See R.E. v. N.Y.C. Dep't of Educ., 694 F.3d 167, 191-92 (2d Cir. 2012) ("The Department may select the specific school without the advice of the parents so long as it conforms to the program offered in the IEP."); T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 420 (2d Cir. 2009) ("Therefore, we conclude that because there is no requirement in the IDEA that the IEP name a specific school location, T.Y.'s IEP was not procedurally deficient for that reason."); F.L. ex rel. F.L. v. N.Y.C. Dep't of Educ., No. 11-CV-5131, 2012 WL 4891748, at *11 (S.D.N.Y. Oct. 16, 2012) ("Parents are entitled to participate in any decision regarding the educational placement of their child. Parents are not,

14

however, procedurally entitled to participate in the decision regarding school placement.").

Therefore, to the extent that Plaintiff alleges an IDEA violation regarding consideration of Camphill specifically, such a claim is not cognizable.

      c.   <u>Failure to Improve B.L.'s Language and Social Skills</u>

Plaintiff's claims regarding a failure to improve B.L.'s language and social skills, however, do not relate to a procedural or administrative remedy under IDEA. The Complaint does not identify how B.L.'s lack of progress was the result of any failures to comply with procedural requirements of IDEA. Rather, it asserts, in conclusory fashion, that the District did not help B.L. improve his skills. (Compl. ¶ 13 (The District "never helped the student to improve his language.").) "A procedural violation generally concerns the process by which the IEP and placement offer was developed and conveyed; on the other hand, a substantive violation arises from a deficiency in the programming being offered." <u>P.K. ex rel. S.K. v. N.Y.C. Dep't of Educ. (Region 4)</u>, 819 F. Supp. 2d 90, 105 (E.D.N.Y. 2011).

Plaintiff's allegations apparently stem from deficiencies in the program, which allegedly caused B.L.'s "negative development." (Compl. ¶ 12.) As Plaintiff has not asserted deprivation of a procedural or administrative remedy

under IDEA, he cannot sustain a Section 1983 claim on this ground.  Thus, Plaintiff's claim under Section 1983 relating to Gallo and the District's alleged failure to improve B.L.'s skills is DISMISSED.

### d.  Conspiracy Claim against Gallo

For the same reasons asserted above with respect to Defendant Gibson, the Court finds that Plaintiff's claims of conspiracy are insufficient.  Plaintiff asserts a conclusory allegation that Gallo and Gibson conspired with one another to deny B.L. a FAPE.  (Comp. ¶ 38.)  This is insufficient, and therefore Plaintiff's claim in this respect is DISMISSED.

### 2.  Due Process

Plaintiff also asserts what appears to be a Section 1983 claim based on the Fourteenth Amendment's due process clause.  Although the Complaint does not specify the nature of Plaintiff's due process claim, the Court reads the Complaint to assert that the Defendants allegedly violated Plaintiff's right to due process when, at the administrative hearings, Defendants District, Gallo, and Gibson presented, and Defendant Briglio accepted, erroneous and false arguments.  As the Court noted in Luo I in connection with a similar claim, such a due process claim must fail because it "is well settled  . . .  that a plaintiff asserting a constitutionally based [Section 1983] claim for procedural violations of the IDEA must establish a

16

constitutional violation 'outside the scope of the IDEA.'" (Luo I at 20 (quoting Engwiller v. Pine Plains Cent. Sch. Dist., 110 F. Supp. 2d 236, 250 (S.D.N.Y. 2000).)  As Plaintiff's claim in this regarding is actionable under IDEA, his due process claim fails.  Therefore, Plaintiff's due process claim is DISMISSED.

    D.  <u>The District</u>

In addition, the District seeks to dismiss Plaintiff's Section 1983 claims against it because Plaintiff has failed to allege a <u>Monell</u> claim against it.  The Court disagrees.

To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" <u>Hartline v. Gallo</u>, 546 F.3d 95, 103 (2d Cir. 2008) (quoting <u>Skehan v. Village of Mamaroneck</u>, 465 F.3d 96, 108-09 (2d Cir. 2006), <u>overruled on other grounds by</u> <u>Appel v. Spridon</u>, 531 F.3d 138, 140 (2d Cir. 2008)); <u>see also</u> <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  "For purposes of § 1983, school districts are considered to be local governments and are subject to similar liability as local governments under <u>Monell</u>." <u>Booker v. Bd. of Educ.</u>, 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002).

The District asserts that Plaintiff has failed to allege a policy or practice which caused his constitutional rights to be violated.  However, the Complaint does allege a continuing violation--*i.e.*, circulating a flawed evaluation report (Compl. ¶ 37)--and alleges a practice of generally depriving B.L. a FAPE (*id.* ¶¶ 10-16).  Thus, Plaintiff alleges "facts from which it could be plausibly inferred that such a policy or custom caused" the alleged violation.  Harris v. Westchester Cnty. Dep't of Corr., No. 06-CV-2011, 2008 WL 953616, at *11 (S.D.N.Y. Apr. 3, 2008).  Accordingly, the District's motion to dismiss Plaintiff's Section 1983 claims against the District based upon Monell liability is DENIED.

IV.  State Law Negligence Claim

In addition to his federal claims, Plaintiff also brings a claim of common law negligence against Defendant Gallo.[4] Gallo moves to dismiss this claim because it is essentially a claim under the educational malpractice theory, which New York courts have rejected.  The Court agrees.

"Where the essence of the complaint is that the school breached its agreement by failing to provide an effective education, the complaint must be dismissed as an impermissible attempt to avoid the rule that there is no claim in New York for

---

[4] The District has moved for dismissal of Plaintiff's negligence claim against it.  However, the Court reads the Complaint to assert a claim of negligence against Defendant Gallo only.

'educational malpractice.'" *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206-07 (S.D.N.Y. 1998). Here, Plaintiff alleges that Gallo "never took any steps to assess and find an educational environment which could motivate the student" (Compl. ¶ 19), that "she never presented information of educational needs for [the] CSE meeting to develop an appropriate educational program for the student" (*id.* ¶ 32), and that she "continuously distributed the flaw [sic] 2009 evaluation report" (*id.* ¶ 35). In making these allegations, Plaintiff essentially attacks the professional judgment of Gallo and requests that the Court review her decisions. New York courts have rejected the educational malpractice theory because "public policy precludes judicial interference with the professional judgment of educators and with educational policies and practices." *Suriano v. Hyde Park Cent. Sch. Dist.*, 203 A.D.2d 553, 554, 611 N.Y.S. 2d 20 (2d Dep't 1994). Thus, the Court finds that Plaintiff's claims sound in educational malpractice, an untenable theory. Plaintiff's claim for negligence against Gallo is therefore DISMISSED.

V.   Plaintiff's Motion to Dismiss Briglio's Counterclaim

         Finally, Plaintiff seeks to dismiss Briglio's counterclaim against Plaintiff. On July 11, 2012 Briglio filed his Answer to the Complaint and Counterclaim (Docket Entry 6). In that submission, Briglio claims that Plaintiff filed this

lawsuit to "punish and/or publicly demean all defendants in this case." (Id. ¶ 13)   Such "improper uses of the Complaint," according to Briglio, "constitute an abuse of process." (Id. ¶ 15.)   Plaintiff seeks dismissal of Briglio's counterclaim because, he argues, it was not timely and Plaintiff's claims are not frivolous.

The Court notes that Briglio's answer and counterclaim were not untimely.   Federal Rule of Civil Procedure 12 provides that a defendant must serve a responsive pleading within twenty-one days after being served with the summons and complaint.   FED. R. CIV. P. 12(a)(1).   Briglio was served with the Complaint on June 20, 2012.   Briglio filed his answer and counterclaim, with a copy to Plaintiff, on July 11, 2012.   (Docket Entry 6.)

Further, Plaintiff's arguments that the Complaint is not frivolous and does not constitute an abuse of process are not enough to dismiss Briglio's counterclaim.   "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." Jacques v. DiMarzio, Inc., 216 F. Supp. 2d 139, 142 (E.D.N.Y. 2002) (internal quotation marks and citation omitted).   Briglio's counterclaim alleges that Plaintiff has filed four other federal court actions and various appeals, that Plaintiff intended to

publicly demean Defendants, and that Plaintiff had the ulterior
motive of seeking to punish Defendants.  Plaintiff's arguments
may tend to show that he brought suit for a legitimate purpose,
and therefore did not have the requisite intent to harm.  At
this stage, however, Briglio's counterclaim is plausible, and
thus satisfies the applicable pleading standards.  See supra at
6-7.  Accordingly, Plaintiff's motion to dismiss Briglio's
counterclaim is DENIED.

        In addition, the Court takes this opportunity to note
the quantity of foul language used in the Complaint.  (See,
e.g., Compl. ¶¶ 47, 50-52, 57 (characterizing Briglio's conduct
and rulings as "bullshit"); id. ¶¶ 54-55 (describing Gibson as a
"big asshole"); id. ¶ 70 (calling the hearing an "asshole
parade").)  Plaintiff is warned that he will be sanctioned if he
continues to disrespect the dignity of the proceedings in the
future.  See Koehl v. Greene, 424 F. App'x 61, 62 (2d Cir. 2011)
(upholding dismissal of pro se complaint as a sanction for
"repeatedly filing documents with the court that contained
derogatory and offensive statements regarding the presiding
magistrate judge and opposing counsel).

CONCLUSION

        For the foregoing reasons, Gibson and Briglio's
motions to dismiss are GRANTED.  The District and Gallo's
partial motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's motion to dismiss Briglio's counterclaim is DENIED. Plaintiff's remaining claims, therefore, are his claim for IDEA administrative review, and his Section 1983 claims against Gallo and the District for (a) failing to consider information regarding B.L.'s placement in a Camphill-like setting and thus not providing Plaintiff a meaningful opportunity to recommend an educational placement, and (b) conducting administrative proceedings in which erroneous arguments were made and adopted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate Gibson and Briglio as Defendants in this action and mail a copy of this Order to the pro se Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March   21  , 2013
          Central Islip, New York


22