```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JENN-CHING LUO,

                    Plaintiff,

     -against-                                    MEMORANDUM & ORDER
                                                  12-CV-3073(JS)(AKT)
BALDWIN UNION FREE SCHOOL DISTRICT,
MICHELLE GALLO, SUSAN M. GIBSON,
and ROBERT BRIGLIO,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Jenn-Ching Luo, pro se
                     830 Hastings Street
                     Baldwin, NY 11510

For Defendants
District, Gallo,
and Martin:          Jeltje DeJong, Esq.
                     Kelly E. Wright, Esq.
                     Devitt Spellman Barrett, L.L.P.
                     50 Route 111
                     Smithtown, NY 11787

Gibson:              Ralph A. Catalano, Esq.
                     Catalano, Gallardo & Petropoulous, L.L.P.
                     1565 Franklin Avenue
                     Mineola, NY 11501

Briglio:             Martin J. Coleman, Esq.
                     Law Offices of Martin J. Coleman
                     100 Crossways Park Drive West, Suite 412
                     Woodbury, NY 11797
```

SEYBERT, District Judge:

Pro se plaintiff Jenn-Ching Luo ("Luo" or "Plaintiff") commenced this action to redress perceived shortcomings in the way defendant Baldwin Union Free School District (the "District") and several individual defendants addressed the

educational needs of B.L., Plaintiff's disabled child. Plaintiff sued the District, Michelle Gallo ("Gallo"), Susan B. Gibson ("Gibson"), and Robert Briglio ("Briglio," and collectively, "Defendants"); he asserts violations of the Individuals with Disabilities Education Act ("IDEA"), Section 1983 of Title 42 of the United States Code ("Section 1983"), and Section 1985 of Title 42 of the United States Code ("Section 1985"). Currently pending before the Court are: (1) Plaintiff's motion for reconsideration of the Court's March 21, 2013 Memorandum and Order (the "March 2013 Order," Docket Entry 37); (2) Plaintiff's motion to strike the District and Gallo's Answer (Docket Entry 63); (3) Plaintiff's motion for sanctions (Docket Entry 73); and (4) Plaintiff's motion to dismiss Briglio's counterclaim (Docket Entry 76). For the following reasons, Plaintiff's motion for reconsideration is GRANTED and, accordingly, his motion to dismiss Briglio's counterclaim is DENIED AS MOOT. His motion for sanctions is DENIED. Furthermore, the Court RESERVES JUDGMENT on Plaintiff's motion to strike, and the District and Gallo are ORDERED TO SHOW CAUSE why Plaintiff's motion to strike should not be granted.

BACKGROUND

I. Factual Background

The Court presumes familiarity with the facts of this case, which are detailed in the Court's March 2013 Order.

2

Briefly, Plaintiff's autistic child, B.L., was a student in the District. (March 2013 Order at 2.) Defendant Gallo is the director of pupil services for the District, who Plaintiff alleges, inter alia, presented a flawed evaluation report from 2009 regarding B.L. and failed to address Plaintiff's suggestion of B.L. Possibly attending a school in Pennsylvania during a July 2011 Committee on Special Education ("CSE") meeting. (March 2013 Order at 2-3.)

Plaintiff was dissatisfied with the results of the CSE meeting and filed a due process complaint. (March 2013 Order at 3.) Accordingly, the District held an administrative hearing and appointed Defendant Briglio as an independent hearing officer. (March 2013 Order at 3-4.) Plaintiff alleges that Briglio made certain errors during the course of that hearing. (March 2013 Order at 4.) He has also alleged that Defendant Gibson, the District's legal consultant, violated the IDEA. (See March 2013 Order at 3, 9-10 (attempting to characterize Plaintiff's claims against Gibson).)

II. Procedural Background

In the March 2013 Order, the Court addressed: (1) Gibson and Briglio's respective motions to dismiss the Complaint, (2) the District and Gallo's partial motion to dismiss the Complaint, and (3) Plaintiff's motion to dismiss Briglio's counterclaims against him. The Court ultimately

3

granted Gibson and Briglio's motions to dismiss, granted in part and denied in part the District and Gallo's partial motion, and denied Plaintiff's motion to dismiss Briglio's counterclaims.

Thereafter, on May 29, 2013, the District and Gallo filed their Answer. (Docket Entry 54.)

DISCUSSION

The Court will address each of the currently pending motions in turn, beginning first with Plaintiff's motion for reconsideration of the March 2013 Order.

I. Plaintiff's Motion for Reconsideration

A. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotation marks and citation omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party

4

may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

B. Plaintiff's Motion

Plaintiff seeks reconsideration of the Court's March 2013 Order insofar as the Court denied Plaintiff's motion to dismiss Briglio's counterclaim. More specifically, he asserts that the Order contradicts New York and Second Circuit Law. (Pl.'s Mot. for Reconsideration, Docket Entry 37, at 1.) The Court finds that reconsideration is warranted here.

As the Court stated in the March 2013 Order, Briglio asserts a counterclaim based upon abuse of process, alleging that Plaintiff filed this lawsuit to "punish and/or publicly demean all defendants in this case." (Briglio's Ans., Docket Entry 6; March 2013 Order at 19-20.) The Court held that Briglio's allegations that Plaintiff has engaged in litigation with the intent and motive to demean and punish him sufficiently stated a claim for abuse of process. (March 2013 Order at 20-21.)

5

Plaintiff now moves for reconsideration on the grounds that the institution of a civil action in and of itself is not process that can be abused. Notably, Plaintiff raises a new argument not presented in his prior motion; at the same time, he also sets forth relevant case law that would impact the Court's decision. Plaintiff is correct that the commencement of an action by summons and complaint is not "process" capable of being abused in this context. <u>See,</u> <u>e.g.</u>, <u>Chrysler Corp. v. Fedders Corp.</u>, 540 F. Supp. 706, 725-26 (S.D.N.Y. 1982) (collecting cases). Rather, "[t]he traditional rule in New York has been that 'the pursuit of a collateral objective must occur <u>after</u> the process is issued; the mere act of issuing process does not give rise to a claim.'" <u>Gilman v. Marsh & McLennan Cos., Inc.</u>, 868 F. Supp. 2d 118, 131 (S.D.N.Y. 2012) (quoting <u>Lopez v. City of N.Y.</u>, 901 F. Supp. 684, 691 (S.D.N.Y. 1995) (emphasis in original)).

When Plaintiff initially filed his motion to dismiss Briglio's counterclaim, Briglio filed a relatively minimalistic opposition. (<u>See</u> Coleman Aff., Docket Entry 30, ¶ 4 ("In light of the simplicity of defendant ROBERT BRIGLIO's argument in opposition to the plaintiff's Motion to Dismiss his Counterclaim, the argument usually reserved for a Memorandum of Law is set forth herein.").) Following Plaintiff's current motion for reconsideration, however, Briglio has made clear that

6

his counterclaim is based solely upon commencement of this action. (See Briglio's Opp. Br. to Mot. for Sanctions/Dismissal, Docket Entry 83, at 4 ("Luo's Complaint is the regularly issued process that was the basis for the Counterclaim.").)

In fact, in opposing Plaintiff's motion for reconsideration, Briglio cites to the case of Parkin v. Cornell University, Inc. for the proposition that "an initial legal pleading can support abuse of process." (Briglio's Opp. Br. to Mot. for Recon., Docket Entry 38, at 2 (citing Parkin v. Cornell Univ., Inc., 78 N.Y.2d 523, 530, 583 N.E.2d 939, 577 N.Y.S.2d 227 (N.Y. 1991).) There, the New York Court of Appeals noted that the meaning of improper conduct after issuance of process was somewhat vague and that "an abuse of process claim based on the issuance of the process itself" could potentially be sufficient to assert an abuse of process claim. Parkin, 78 N.Y.2d at 530, 583 N.E.2d at 943. Since then, the exact state of law has been somewhat unclear. See Pinter v. City of N.Y., --- F. Supp. 2d ----, 2013 WL 5597545, at *21 n.129 (S.D.N.Y. Oct. 10, 2013). However, "[t]he court's analysis in Parkin was dicta and this Court remains bound by the law of the Second Circuit, which requires improper use of process after it is regularly issued." Widget v. Town of Poughkeepsie, No. 12-CV-3459, 2013 WL 1104273, at *8 n.7 (S.D.N.Y. Mar. 18, 2013)

7

(emphasis in original); accord Gilman, 868 F. Supp. 2d at 131-32.

As Briglio's counterclaim is based solely on the institution of the action by summons and complaint, Plaintiff's motion for reconsideration is GRANTED, and Briglio's counterclaim is DISMISSED.[1]

II. Plaintiff's Motion to Strike

A. Legal Standard

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Resolution of a Rule 12(f) motion is left to the district court's discretion." EEOC v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). However, motions to strike are disfavored. See Illiano v. Mineola Union Free Sch. Dist., 585 F. Supp. 2d

---

[1] Furthermore, given that Briglio has filed several briefs regarding his counterclaim, and not raised any "process" sufficient to maintain an abuse of process claim, his counterclaim is DISMISSED WITH PREJUDICE. Briglio's assertion that particular events took place before Plaintiff filed his Complaint do not address the requirement that there be some abuse of process after issuance of process. (See Briglio's Opp. Br. to Mot. for Sanctions/Dismissal at 2 ("To the extent necessary, Mr. Briglio's [sic] asks for leave of the Court to Amend his Counterclaim to include allegations related to the underlying administrative record from which Mr. Luo's Complaint was taken.").)

8

341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that there is no question of fact which might allow the defense to succeed, there is no substantial question of law under which the defense could succeed, and that the movant is prejudiced by inclusion of the defense. See County Vanlines Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (quoting SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)).

B. Plaintiff's Motion

Plaintiff moves to strike the District and Gallo's Answer because it is untimely. (Pl.'s Mot. to Strike, Docket Entry 63). The Court RESERVES JUDGMENT on this motion.

The Court issued its March 2013 Order on March 21, 2013. (See Docket Entry 34.) The District and Gallo did not file an Answer until May 29, 2013. (See Docket Entry 54.) As such, the Answer was untimely. See FED. R. CIV. P. 12(a)(4)(A) (providing that where the court denies a Rule 12 motion, a responsive pleading "must be served within 14 days after notice of the court's action").

However, under Rule 6(b) of the Federal Rules of Civil Procedure, courts are permitted to extend a deadline that has already passed if the late submission was for reasons of excusable neglect, and there is no harm to the plaintiff. FED. R. CIV. P. 6(b). The factors encompassing excusable neglect are:

9

"'[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (alterations in original)).

Here, Gallo and the District have not responded to Plaintiff's motion to strike nor proffered any reason for their late filing. Nonetheless, courts in this Circuit typically prefer to resolve issues on the merits, see Connell v. City of N.Y., 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002); Dunkin' Donuts Franchised Restaurants LLC v. Got-A-Lot-A-Dough, Inc., No. 07-CV-2303, 2008 WL 4861968, at *2 (E.D.N.Y. Oct. 31, 2008), and "routinely deny motions to strike answers where a defendant has shown that the untimely submission was inadvertent and caused no harm to the Plaintiff," Purisima v. Tiffany Entm't, No. 09-CV-03502, 2013 WL 4500699, at *4 (E.D.N.Y. Aug. 20, 2013).

Accordingly, the Court RESERVES JUDGMENT on Plaintiff's motion to strike and the District and Gallo are ORDERED TO SHOW CAUSE why their Answer should not be striken.

III. Plaintiff's Motions for Sanctions and to Dismiss Briglio's Counterclaims

Given that the Court has granted Plaintiff's motion for reconsideration and thereby dismissed Briglio's counterclaim, Plaintiff's renewed motion to dismiss the counterclaim is DENIED AS MOOT. The Court therefore turns to Plaintiff's motion for sanctions.

A. Legal Standard on a Motion for Sanctions

In deciding whether a pleading violates Rule 11, the Court applies an "objective standard of reasonableness." MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 73 F.3d 1253, 1257 (2d Cir. 1996). "'A party advances an objectively unreasonable claim if . . . 'it is patently clear that [the] claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stand[s].'" Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d 239, 263 (S.D.N.Y. 2009) (quoting Eastway Const. Corp. v. City of N.Y., 762 F. 2d 243, 254 (2d Cir. 1985)). Thus, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." Storey v. Cello Holdings, LLC, 347 F. 3d 370, 388 (2d Cir. 2003) (internal quotation marks and citation omitted). Furthermore, the Court must "resolv[e] all doubts in favor of

the part[y] facing sanctions." Coakley v. Jaffe, 72 F. Supp. 2d 362, 365 (S.D.N.Y. 1999).

   C. Plaintiff's Motion

Luo contends that sanctions are appropriate because Briglio's counterclaim is frivolous. (See Pl.'s Br. re Sanctions/Dismissal, Docket Entry 74, at 1.) Putting aside any procedural issues with the motion, the Court disagrees on the merits.

Although the Court has dismissed Briglio's counterclaim, sanctions are not merited. "Under the law of this Circuit, '[a]n argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands.'" In re Merrill Lynch Tyco Research Sec. Litig., No. 03-CV-4080, 2004 WL 305809, at *5 (S.D.N.Y. Feb. 18, 2004) (quoting Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995)). Here, Briglio has argued for an extension of the law and cited to relevant precedent.

Moreover, that Briglio's claim has been dismissed does not necessarily mean that sanctions are appropriate. See Optimus Commc'ns v. MPG Assocs., Inc., 841 F. Supp. 2d 722, 726-27 (E.D.N.Y. 2012) (declining to impose sanctions even where the

plaintiff's claims were "objectively unreasonable").[2] Briglio's counterclaim addressed inappropriate language in Plaintiff's Complaint. Despite Plaintiff's arguments, the Court does not find that Briglio's counterclaim was brought in bad faith. Accordingly, Plaintiff's motion for sanctions is DENIED.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Docket Entry 37) is GRANTED and Briglio's counterclaim against Plaintiff is DISMISSED WITH PREJUDICE. Plaintiff's renewed motion to dismiss Briglio's counterclaim (Docket Entry 76) is therefore DENIED AS MOOT.[3] His motion for sanctions (Docket Entry 73) is DENIED. Finally, the Court RESERVES JUDGMENT on Plaintiff's motion to strike (Docket Entry 63).

---

[2] Additionally, the Court notes that Plaintiff has continued to maintain that statements such as "Robert Briglio acted as [an] asshole kisser" are "meaningful." (See Pl.'s Br. re Sanctions/Dismissal at 14.) Plaintiff has previously been warned that the use of foul language will result in sanctions. (March 2013 Order at 21.) Such language and insults are neither appropriate nor meaningful and Plaintiff has demonstrated his ability to properly address his arguments in a legal framework without resorting to such tactics. The Court will not accept any further submissions from Plaintiff containing foul language or insults. Unless Plaintiff is directly quoting a particular statement or document, the Court will return his submissions without consideration.

[3] Insofar as Plaintiff has sought to appeal Magistrate Judge A. Kathleen Tomlinson's decision regarding discovery pertaining to the counterclaim, such request is likewise DENIED AS MOOT. (See Pl.'s Appeal, Docket Entry 62.)

13

The District and Gallo are ORDERED TO SHOW CAUSE, within thirty (30) days of the date of this Memorandum and Order, why Plaintiff's motion to strike should not be granted. If they do not do so, the District and Gallo are in danger of being in default.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  14 , 2014
       Central Islip, New York

14