```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JENN-CHING LUO,

                Plaintiff,

     -against-                           MEMORANDUM & ORDER
                                         12-CV-3073(JS)(AKT)
BALDWIN UNION FREE SCHOOL
DISTRICT and MICHELLE GALLO

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jenn-Ching Lou, pro se
                    830 Hastings Street
                    Baldwin, NY 11510

For Defendants:     Jeltje DeJong, Esq.
                    Kelly E. Wright, Esq.
                    Devitt Spellman Barrett, L.L.P.
                    50 Route 111
                    Smithtown, NY 11787
```

SEYBERT, District Judge:

Pro se plaintiff Jenn-Ching Luo ("Plaintiff") brought this action to redress perceived shortcomings in the way defendant Baldwin Union Free School District (the "District") and several individual defendants addressed the educational needs of B.L., Plaintiff's disabled child. The remaining defendants are Michelle Gallo, the director of pupil services for the District, and the District (collectively, "Defendants"), whom Plaintiff alleges violated the Individuals with Disabilities Education Act ("IDEA"), Section 1983 of Title 42 of the United States Code ("Section 1983"), and Section 1985 of Title 42 of the

United States Code ("Section 1985"). Currently pending before the Court are: (1) Plaintiff's appeal from Magistrate Judge A. Kathleen Tomlinson's May 20, 2013 Order during a conference (Pl.'s Appeal, Docket Entry 62), and (2) Plaintiff's motion to strike Defendant's untimely Answer (Pl.'s Mot. to Strike, Docket Entry 63). For the following reasons, Judge Tomlinson's order is AFFIRMED and Plaintiff's motion to strike is DENIED.

BACKGROUND

I. Factual Background

The Court presumes familiarity with the facts of this case, which are detailed in the Court's prior Orders, particularly the February 12, 2014 Memorandum & Order ("Feb. 2014 Order," Docket Entry 85) and the March 21, 2013 Memorandum & Order ("Mar. 2013 Order," Docket Entry 34). Briefly, Plaintiff's child, B.L, was a student in the District. (Mar. 2013 Order at 2.) According to Plaintiff, Gallo presented a flawed evaluation report from 2009 regarding B.L. and failed to address Plaintiff's suggestion of a different school for B.L. during a July 2011 Committee on Special Education ("CSE") meeting. (Mar. 2013 Order at 2-3.) Plaintiff's claims stem from his dissatisfaction with the results of that meeting.

II. Procedural Background

Plaintiff originally commenced this action against the District and Gallo as well as Susan B. Gibson ("Gibson"), the District's legal consultant, and Robert Briglio ("Briglio"), the hearing officer during the CSE meeting. He asserted the following federal claims: first, a claim that all Defendants violated the IDEA by (a) failing to consider information regarding B.L.'s placement at Camphill, a school in Pennsyvlania, or a similar setting; (b) failing to improve B.L.'s language and social skills; and (c) conducting administrative proceedings in which erroneous arguments were presented and adopted; second, a Section 1983 claim that all Defendants deprived Plaintiff of his rights under the IDEA for the same reasons; third, Section 1983 and 1985 claims against Gallo and Gibson for conspiring to violate Plaintiff's rights under the IDEA, and; fourth, a Section 1983 claim against Gallo, Gibson, and Briglio for depriving Plaintiff of due process under the Fourteenth Amendment. (Mar. 2013 Order at 5.) The Complaint also asserted a state law claim of negligence against Gallo. (Mar. 2013 Order at 5.) After the Court's March 2013 Order, Plaintiff's only remaining claims are his claim for IDEA administrative review, and his Section 1983 claims against Gallo and the

3

District for (a) failing to consider information regarding B.L.'s placement in a Camphill-like setting and thus not providing Plaintiff with a meaningful opportunity to recommend an educational placement, and (b) conducting administrative proceedings in which erroneous arguments were made and adopted. (Mar. 2013 Order at 22.)

Plaintiff subsequently filed several motions, including a motion for reconsideration of the March 2013 Order (see Docket Entry 37). In addressing that motion, the Court also ruled on Plaintiff's pending motions to strike the District and Gallo's Answer (Docket Entry 63), Plaintiff's motion for sanctions (Docket Entry 73), and Plaintiff's motion to dismiss a counterclaim filed by Briglio (Docket Entry 76). Ultimately, the Court denied Plaintiff's motion for reconsideration, reserved judgment on Plaintiff's motion to strike the answer, denied Plaintiff's motion for sanctions, and dismissed Briglio's counterclaim. (See Feb. 2014 Order at 13.) As it pertains to the motion to strike, the Court also ordered the District and Gallo to show cause as to why their Answer should not be stricken. (See Feb. 2014 Order at 9-10.)

In addition, during the course of litigation, Plaintiff also submitted a Pre-Discovery Disclosure Statement, seeking to interrogate the court reporter from

4

the administrative proceeding, as well as Briglio's phone records during the months of the hearing. (Pl.'s Disc. Stmt., Docket Entry 45, at 3-4.) Judge Tomlinson permitted Plaintiff to serve narrowly tailored document requests relating to Plaintiff's remaining claims, but did not permit Plaintiff to interrogate the court reporter or to access to Briglio's phone records. (Minute Entry, Docket Entry 56, at 1.)

## DISCUSSION

Currently, Plaintiff appeals Judge Tomlinson's Order denying his discovery requests. Also pending is Plaintiff's motion to strike the Answer. The District and Gallo have responded to the Court's Order to Show Cause, and this matter is also ripe for the Court's review. The Court will address each issue in turn.

I. Appeal of Magistrate Judge Tomlinson's Order

   A. Legal Standard

When a party files a timely written objection to the proposed findings of a magistrate judge, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (2009). The standard of review, which the district court shall apply, depends upon whether the order is dispositive. DiPilato v. 7-Eleven,

Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). A pretrial matter which is not dispositive of the party's claim or defense may only be modified or set aside when part of that order is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). A magistrate decision is clearly erroneous when "the court is, upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed." DiPilato, 662 F. Supp. 2d at 339-40 (internal quotation marks and citation omitted) (alteration in original). Pretrial matters concerning discovery are "generally . . . considered 'non-dispositive' of the litigation" and are therefore subject to the clearly erroneous or contrary to law standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

B. Interrogation of the Court Reporter

Here, Plaintiff seeks to interrogate the court reporter from the administrative proceeding. (Pl.'s Disc. Stmt. at 4.) After careful review of the entire record, the Court has found no clear error with Judge Tomlinson's decision denying Plaintiff's request.

Specifically, Plaintiff has not demonstrated the relevance of the interrogation with regard to his remaining claims. In his Pre-Discovery Disclosure Statement, Plaintiff merely provides a conclusory allegation that the

6

District may have "viciously influenced" the court reporter to deny Plaintiff a fair hearing. (Pl.'s Disc. Stmt. at 3.) However, this is neither the basis of any of Plaintiff's claims, nor does he raise any allegations as to the court reporter or the accuracy of the transcript. Insofar as Plaintiff's claims pertain to the administrative proceedings, Plaintiff maintains that Gallo withheld evidence and that the District and Gallo engaged in misconduct. There is nothing to suggest that the reporter was in any way involved in such misconduct. See Kelly v. Ulster Cnty., N.Y., No. 12-CV-1344, 2013 WL 3863929, at *6 (N.D.N.Y. July 24, 2013) (denying as moot plaintiff's appeal of the Magistrate Judge's decision regarding his motion to compel "full disclosure," because the defendant was dismissed from the action).

Accordingly, Plaintiff's appeal in this regard is DENIED and Judge Tomlinson's decision is AFFIRMED.

C. Briglio's Cell Phone Records

Plaintiff also objects to Judge Tomlinson's denial of Plaintiff's request for the production of Briglio's phone records. (Pl.'s Appeal at 1.) Here, however, given that Briglio is no longer a defendant in this matter and that the Court has dismissed his counterclaim, the request for the phone records is moot.

7

(See Feb. 2014 Order at 8.) Accordingly, Plaintiff's appeal in this regard is also DENIED and Judge Tomlinson's decision is AFFIRMED.

II. Plaintiff's Motion to Strike

Thus, the Court turns to Plaintiff's motion to strike the District and Gallo's Answer.

A. Legal Standard

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Resolution of a Rule 12(f) motion is left to the district court's discretion." E.E.O.C. v. Bay Ridge Toyota, Inc., 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). However, motions to strike are generally disfavored. See Illiano v. Mineola Union Free Sch. Dist., 585 F. Supp. 2d 341, 357 (E.D.N.Y. 2008). To prevail, a movant typically must show that there is no question of fact which might allow the defense to succeed, there is no substantial question of law under which the defense could succeed, and that the movant is prejudiced by inclusion of the defense. See County Vanlines Inc. v. Experian Info. Solutions, Inc., 205 F.R.D.

148, 153 (S.D.N.Y. 2002) (quoting SEC v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)).

"Furthermore, the Second Circuit 'has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.'" Azikiwe v. Nigeria Airways Ltd., No. 03-CV-6387, 2006 WL 2224450, at *1 (E.D.N.Y. July 31, 2006) (quoting Marfia v. T.C. Ziraat Bankasi, 100 F.3d 243, 249 (2d Cir. 1996)). Under Rule 6(b) of the Federal Rules of Civil Procedure, "a court may, for good cause" extend the time to file an answer "if the party failed to act because of excusable neglect." Arena v. Vill. of Suffern, N.Y., 519 F. App'x 61, 62 (2d Cir. 2013) (quoting FED. R. CIV. P. 6(b)(1)(B)). "Good cause is usually not difficult to show, and: an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Rankin v. City of Niagara Falls, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (internal quotation marks and citation omitted), aff'd --- F. App'x ----, 2014 WL 2609641 (2d Cir. June 12, 2014). Once good cause is established, the court then looks to the factors encompassing excusable neglect, which are: "'[1] [t]he danger of prejudice to the [opposing party], [2] the length

9

of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (alterations in original)).

B. Plaintiff's Motion

Plaintiff seeks to strike the District and Gallo's Answer because they failed to file the Answer within fourteen days of the March 2013 Order denying their motion to dismiss. See Fed. R. Civ. P. 12(a)(4)(A) (providing that where the court denies a Rule 12 motion, a responsive pleading "must be served within 14 days after notice of the court's action"). The Court finds that the Defendants have shown good cause and excusable neglect.

As more fully discussed below, the District and Gallo have demonstrated good cause because they acted in good faith throughout the litigation. They filed an untimely Answer due to confusion, and their delay did not prejudice Plaintiff.

Moreover, the Court also finds that the untimely answer was the result of excusable neglect. "[T]o

establish prejudice in the context of a default, there must be a showing that the delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Car-Freshner Co. v. Air Freshners, Inc., No. 10-CV-1491, 2012 WL 3294948, at *4 (N.D.N.Y. Aug. 10, 2012) (internal quotation marks and citations omitted). Permitting the extension after a two-month delay does not prejudice Plaintiff because discovery has not yet concluded, and motions for summary judgment have not yet been filed. Plaintiff was also aware of the District and Gallo's potential defenses as evidenced by his memorandum in opposition to the motion to dismiss on July 18, 2011. In the memorandum, Plaintiff addressed Defendants' defenses, such as failure to state a claim, failure to set forth sufficient facts, and qualified immunity. (Pl.'s Opp. Br., Docket Entry 26, at 2-8.)

Additionally, Defendants' failure to file an Answer seems to be the result of confusion due to the multiple cases Plaintiff has pending, along with Plaintiff's motion for reconsideration. (See generally Defs.' Opp. Br., Docket Entry 89-2.) The District and Gallo have demonstrated that their failure to answer was the result of a good faith mistaken belief because they

11

have actively participated throughout the litigation. Defendants have complied with discovery procedures, participated in multiple telephone conferences, and properly served scheduling orders on Plaintiff, leaving no indication that they intended to avoid prosecution of the case. Furthermore, after becoming aware of Plaintiff's motion seeking default on May 28, 2013, the District and Gallo immediately filed their Answer the following day. (Defs.' Ans.) Finally, policy considerations favor a denial of the motion because striking the Answer, which would be the functional equivalent of entering a default judgment, would "violate the policy of resolving cases on the merits." Llewellyn v. N. Am. Trading, No. 93-CV-8894, 1996 WL 715532, at *2 (S.D.N.Y. Dec. 11, 1996).

Accordingly, Plaintiff's motion to strike is DENIED.

## CONCLUSION

For the foregoing reasons, Judge Tomlinson's May 20, 2013 Order is AFFIRMED, and Plaintiff's motion to strike is DENIED.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v.

<u>United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   12  , 2014
       Central Islip, NY