MANDATE

16-421-cv
*Luo v. Baldwin Union Free Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

**PRESENT:**
PETER W. HALL,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

—————————————————————————

JENN-CHING LUO,

   *Plaintiff-Counter-Defendant-Appellant*,

  v.             16-421-cv

BALDWIN UNION FREE SCHOOL DISTRICT, MICHELLE GALLO,

   *Defendants-Appellees*,

ROBERT BRIGLIO,

   *Defendant-Counter-Claimant-Appellee*,

SUSAN M. GIBSON,

   *Defendant*.

—————————————————————————

MANDATE ISSUED ON 02/27/2017

FOR PLAINTIFF-APPELLANT:                    Jenn-Ching Luo, *pro se*, Bircheunvill, PA.


FOR DEFENDANTS-APPELLEES:                   Kelly E. Wright, Devitt Spellman Barrett, LLP, Smithtown, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jenn-Ching Luo appeals from the district court's award of summary judgment to Baldwin Union Free School District ("Baldwin") and Michelle Gallo, two defendants in this action brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), and 42 U.S.C. § 1983. Luo also appeals from the district court's August 12, 2014 memorandum and order denying his motion to strike defendants' late-filed answer. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments on appeal.

We review for abuse of discretion a district court's decision on both a motion to strike a responsive pleading and for an extension of a filing deadline under Federal Rule of Civil Procedure 6(b). *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283 (2d Cir. 2005); *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 248–52 (2d Cir. 1996). Rule 6 permits a district court to extend an expired deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quoting 4AC. Wright & A. Miller, Federal Practice and Procedure, § 1165 (2d ed. 1987)). The Supreme Court has found the

following factors among those relevant to evaluating excusable neglect: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395. "[W]e and other circuits have focused on the third factor . . . .'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer*, 507 U.S. at 395).

Upon review, we concluded that the district court did not abuse its direction by denying Luo's motion to strike and accepting Baldwin and Gallo's late-filed answer. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned August 12, 2014 memorandum and order. The district court considered the appropriate factors, and its conclusion that Baldwin and Gallo established excusable neglect for their failure timely to answer the complaint due to confusion from Luo's multiple pending actions and motion for reconsideration falls "within the range of permissible decisions." *See Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). The practical effect of granting Luo's motion to strike would have been a default judgment, and, "[w]hile courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort," *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

"We review *de novo* the district court's grant of summary judgment in an IDEA case. Summary judgment in this context involves more than looking into disputed issues of fact; rather, it is a pragmatic procedural mechanism for reviewing administrative decisions." *A.C. ex rel. M.C. v. Bd. of Educ. Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009) (citation omitted)

(quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)). "While the district court must base its decision on the preponderance of the evidence, it must give due weight to [the administrative] proceedings, mindful that the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id.* (internal quotation marks and citations omitted).

Under the doctrine of collateral estoppel, a litigant is prevented from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006)). If these four factors are satisfied, collateral estoppel applies even if the subsequent action asserts a different cause of action, *see id.*, or the issue "recurs in the context of a different claim," *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) (quoting *Taylor v. Sturgell*, 533 U.S. 880, 892 (2008)).

Upon *de novo* review of the record and guided by the above principles, we conclude that the district court properly granted Baldwin and Gallo summary judgment. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned January 12, 2016 memorandum and order. Luo's claims, at bottom, sought to compel defendants to place his child at a particular out-of-state school for the 2011-2012 school year. It is well settled, however, that the IDEA does not authorize parents to determine "the 'bricks and mortar' of the

4

specific school." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 419–20 (2d Cir. 2009) ("'Educational placement' refers to the general educational program—such as the classes, individualized attention and additional services a child will receive—rather than the 'bricks and mortar' of the specific school. . . . The parents' actions suggest that they seek a 'veto' over school choice, rather than 'input'—a power the IDEA clearly does not grant them."). The district court correctly concluded that Luo was not prevented from participating in the decision-making process because, among other things, he attended the committee on special education meeting at which the required factors concerning Luo's child were considered. The district court also correctly concluded that Luo was collaterally estopped from challenging the school district's reliance on Dr. Suozzi's 2009 evaluation because Luo had made the same challenge in a prior action concerning his child's educational plan. *See Jenn-Ching Luo v. Baldwin Union Free Sch. Dist.*, 556 F. App'x 1 (2d Cir. 2013); *Proctor*, 715 F.3d at 414.

We have considered all of Luo's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
